# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0506
Lower Tribunal No. 21-19263
_____

**PNTRX, LLC,**
Appellant,

vs.

**Pine Tree Development, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Dorta Law, and Matias R. Dorta, for appellant.

White & Case, LLP, and Raoul G. Cantero and David W. Rifkin, for appellee Pine Tree Development, LLC; Ehrenstein | Sager, and Michael D. Ehrenstein, Latasha N. Johnson and Brett D. Sager, for appellee Maria Meruelo.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Upon consideration, we dismiss the appeal as moot. See Meruelo v. Meruelo, Nos. 3D23-0617 and 3D23-0676 (consolidated), ___ So. 3d ___, 2024 WL 5150549 (Fla. 3d DCA December 18, 2024); Meruelo v. Pine Tree Dev., LLC, No. 3D22-1928, ___ So. 3d ___, 2024 WL 5149746 (Fla. 3d DCA December 18, 2024); Meruelo v. Pine Tree Dev., LLC, No. 3D23-0457, ___ So.3d ___, 2024 WL 4280619 (Fla. 3d DCA Sep. 25, 2024). See also Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992) ("An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect," and "[a] case is 'moot' when it presents no actual controversy or when the issues have ceased to exist.") (citations omitted); Montgomery v. Dep't of Health & Rehab. Servs., 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985) ("A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief. Mootness can be raised by the appellate court on its own motion.") (citations omitted).

Dismissed.